UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DOLORES CRAIG,<br>　　　　　　Plaintiff,<br>vs.<br>US AIRWAYS INC., a Delaware Corporation; DOES I-V and ROE CORPORATIONS VI-X, inclusive,<br>　　　　　　Defendants. | Case No.: 2:15-cv-01195-RFB-VCF<br><br>AGREED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION |

In accordance with Fed. R. Civ. P.26(c), the parties agree, through their respective Counsel of Record, that this Protective Order shall govern the disclosure during all phases of litigation, including pretrial discovery, trial, and any appeals related hereto and the subsequent handling of trade secret or other confidential research, development, or commercial information and any documents or tangible things containing any such information (collectively referred to herein as "CONFIDENTIAL INFORMATION").

　　1　**Good Faith Claim:** The parties agree and acknowledge that there is a good faith belief that certain documents and other tangible things and information produced in this litigation contain CONFIDENTIAL INFORMATION which are legally entitled to protection from disclosure under Fed. R. Civil R. 26(c) and applicable case law. As such, the producing party may designate as "Confidential" the portion of any produced material it considers subject to its claim of privilege or exemption. Such Confidential designation shall make the designated portions of those produced

materials and all copies, prints, summaries, translations, or other reproductions of such material subject to this Protective Order.

2    **Produced Documents**: Any and all documents and other tangible things produced shall be treated as containing CONFIDENTIAL INFORMATION only if the producing party specifically designates the documents or tangible things as containing CONFIDENTIAL INFORMATION.

3    **Designating Party**: The party producing CONFIDENTIAL INFORMATION shall be the "designating party" herein.

4    **Deposition Transcripts**: Parties may designate portions of deposition transcripts, testimony and exhibits as CONFIDENTIAL INFORMATION.

5    **Objection to Designations**: Any party may challenge that a document is not CONFIDENTIAL INFORMATION or subject to any other restriction imposed by this Order. Except as otherwise provided in this Protective Order, any such dispute shall, in the first instance, be addressed between counsels. If, after a good faith attempt to resolve differences, the parties are unable mutually to agree, any party may seek an order of the Court modifying the designation or any other provision of this Protective Order. The Designating Party shall bear the burden of establishing that a document is either a trade secret, or confidential business or proprietary information, or that the disclosure of the trade secret or confidential business or proprietary information would be harmful. If these requirements are met, the burden will shift to the person or entity requesting disclosure to establish that the specific confidential information is relevant and that its disclosure is necessary to the action or that the requested disclosure otherwise should occur.

6    **Authorized Disclosure:** Absent a specific order by this Court, all CONFIDENTIAL INFORMATION, including copies, summaries, notes of, abstracts of, or ideas of that CONFIDENTIAL INFORMATION, shall be maintained in confidence by the party to whom those materials are produced or given, solely for use in connection

with this action, shall not be used (directly or indirectly) for any business or competitive purpose, and shall not be disclosed (directly or indirectly) to anyone except the following:

  a. Outside counsel who have entered an appearance in this action, third party document vendors employed by any firm retained to represent the parties, and clerical or secretarial employees of any firm retained to reproduce or transcribe the CONFIDENTIAL INFORMATION for use in accordance with this Protective Order:

  b. Counsel for the parties in this litigation, including their associates, clerks paraprofessional, and secretarial and clerical personnel who are reasonably necessary to assist counsel in the conduct of this action;

  c. Experts or consultants assisting counsel for any party pursuant to subparagraph 9, infra;

  d. The Court, its officers, and qualified persons taking testimony involving such information, and necessary stenographic videotape and clerical personnel;

  e. Subject to the notice requirements of subparagraph 8, infra, witnesses, interviewees, and deponents;

  f. All insurers and reinsurers for the parties.

CONFIDENTIAL INFORMATION shall likewise be maintained in confidence and shall not be disclosed except to persons identified in items [a, b, d, e and f] above. Nothing in this Protective Order shall be construed to limit in any way the use a party may make of its own materials.

  7 **Disclosure:** Before the disclosure of CONFIDENTIAL INFORMATION to any person pursuant to subparagraph 6(e), supra, the party wishing to make this disclosure shall notify the designating party in writing, identifying the person by name or title. Unless the designating party objects, in writing, within five (5) business days of receipt of notice, disclosure may be made. No objection shall be interposed except in good faith. Nothing in this order shall be construed to require advance notice of the use

of any protected material at a deposition, court proceeding, or witness preparation for a deposition or court proceeding.

      8    **Disclosure to Experts:** The procedure for having a non-testifying consultant, or testifying expert or other third party approved for access to CONFIDENTIAL INFORMATION shall be as follows:

    a. In the case of a non-testifying consultant, counsel for the party on whose behalf said consultant has been retained shall (i) obtain a written acknowledgement, signed by the non-testifying consultant, in the form attached hereto as Exhibit A, and (ii) keep the original of such acknowledgement in counsel's files.

    b. In the case of a testifying expert who has been retained or other third party, counsel for the party who wishes to disclose CONFIDENTIAL INFORMATION to such persons shall (i) obtain a written acknowledgement, signed by the testifying expert or other third party, in the form attached hereto as Exhibit A, (ii) keep the original of such acknowledgment in counsel's files, and (iii) produce a copy of said acknowledgment to all other counsel of record, if requested, within seven days.

    c. Within ten days of receipt of an acknowledgment having been executed hereunder, or within ten days of receipt of notice from counsel that a proposed non-testifying consultant, testifying expert or other third person cannot or will not execute an acknowledgement hereunder, the Designating Party may object to the person proposed for approval. Failure to object within fourteen (14) days to a person proposed shall be deemed approval, but shall not preclude any subsequent objection to continued access where facts suggesting a basis for objection are subsequently learned by the objecting party or its counsel.

    d. If the Designating party so objects, that person or entity and the requesting party shall, within five days from the date of notice of objection, confer and attempt to resolve the dispute in good faith. If the participants cannot resolve the dispute, or if the conference does not take place, then within fourteen (14) days from the date of notice of objection, the requesting party may make an appropriate application to the Court, to be kept under seal, requesting that access to CONFIDENTIAL INFORMATION be allowed to the proposed person. At the hearing on such an application, the burden will be on the designating party to show that the CONFIDENTIAL INFORMATION involved is a trade secret, or confidential business or proprietary information, or that the disclosure of the trade secret or confidential business or proprietary information would be harmful. If these requirements are met, the burden will shift to the person or entity requesting disclosure to establish that discovery of the specific CONFIDENTIAL INFORMATION is relevant, that its disclosure to the proposed person is necessary to the action or that the requested disclosure otherwise should occur. The parties agree that the expense and/or cost involved in hiring an independent, outside consultant shall not be considered a reason supporting a request for Court-ordered disclosure pursuant to this paragraph 8(d).

9  **Custody.** All CONFIDENTIAL INFORMATION and any and all copies, extracts and summaries thereof, including memoranda relating thereto, shall be retained by the receiving party in the custody of counsel of record, or by person to whom disclosure is authorized under subparagraph 6, supra.

10  **Court Filings.** Documents subject to this Protective Order may be offered in connection with non-dispositive pre-trial motions in this matter. Any document subject to this Protective Order which is offered in connection with such pre-trial motion in this matter shall be filed under seal. However, any document subject to

this Protective Order which is offered in connection with a dispositive pre-trial motion shall not be filed under seal without the express approval of the court.

11   **Privileged Materials:** If information subject to a claim of attorney-client privilege, attorney work product or any other applicable protection from disclosure is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim or privilege, work product or other applicable protection to which the Designating Party would otherwise be entitled to assert.  If a claim of inadvertent production is made with respect to any information then in the custody of another, such party shall promptly return the information to the claiming party or person and shall not use such information for any purpose other than in connection with a motion to compel (which shall be filed under seal).  The party returning such material may then move the Court for an Order compelling production of material which shall be filed under seal and said motion shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

12   **Handling during Trial:** CONFIDENTIAL INFORMATION that is subject to this Protective Order may be marked and used as trial exhibits by either party, subject to the terms and conditions imposed by the Court upon application by any party. Whenever any CONFIDENTIAL INFORMATION is introduced or elicited at a deposition, trial, hearing or other proceeding, such portions of the proceedings which concern the CONFIDENTIAL INFORMATION shall be conducted so that only those persons authorized hereunder to have access to such matters shall be present, except as otherwise ordered by the Court.

///

///

///

13    **Handling Post-Litigation.** Within seventy (70) days of termination of this litigation, including any appeals, upon request, the originals and all copies of CONFIDENTIAL INFORMATION shall be turned over to the party that produced such material or their respective counsel and/or destroyed. Counsel for any party that received CONFIDENTIAL INFORMATION shall confirm in writing by signing an affidavit (attached as Exhibit B) that, to the best of such counsel's knowledge and belief, all originals and copies of CONFIDENTIAL INFORMATION supplied to that counsel have been returned and/or destroyed. Provided, however, counsel for all parties may retain a complete copy of each pleading (including exhibits) filed in this action and counsel may retain attorney work-product containing or describing such CONFIDENTIAL INFORMATION, but may not use such work product other than solely for purposes of this litigation or any settlement thereof.

IT IS SO STIPULATED this 28 day of December, 2015:

| | |
|---|---|
| /s/ Kimberly Valentin | /s/ Rosemary Missisian |
| Kimberly Valentin, Esq.<br>Alex J. De Castroverde, Esq.<br>Orlando J. De Castroverde, Esq.<br>DE CASTROVERDE LAW GROUP<br>1149 South Maryland Parkway<br>Las Vegas, NV 89104<br>*Attorneys for Plaintiff Dolores Craig* | Rosemary Missisian, Esq.<br>WEINBERG, WHEELER, HUDGINS,<br>GUNN & DIAL, LLC<br>6385 South Rainbow Blvd., Suite 400<br>Las Vegas, Nevada 89118<br>*Attorneys for Defendant US Airways, Inc.* |

IT IS SO ORDERED

_____
United States Magistrate Judge

DATED THIS 4th day of May, 2016 ~~December, 2015.~~